IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC WILLIAMS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | No. 4:11-CV-093-Y |
| | § | |
| CITY OF ARLINGTON, et al. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NORTH TEXAS SUPER BOWL XLV HOST
COMMITTEE, INC.'S ORIGINAL
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant North Texas Super Bowl XLV Host Committee, Inc. ("Defendant") files this Original Answer to Plaintiff's First Amended Complaint ("Complaint") and, in support thereof, shows as follows.

**I.    RESERVATION OF RIGHT TO FILE MOTION TO DISMISS**

Defendant reserves the right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff's Complaint fails to state a claim upon which relief can be granted regarding Defendant's conduct.

**II.   RESPONDING TO ALLEGATIONS
IN THE FIRST AMENDED COMPLAINT**

1.   Defendant admits that this Court has jurisdiction over this case under 42 U.S.C.A. § 1988 as alleged by Plaintiff in paragraph 1.1.

2.   Defendant admits that this Court has venue over this case as alleged by Plaintiff in paragraph 2.1.

3.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegations concerning his residence and operation of a business as alleged

by Plaintiff in paragraph 3.1

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding the City of Arlington hiring specific officers as alleged by Plaintiff in paragraph 3.2. Defendant admits the remaining allegations in paragraph 3.2.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.3.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.4.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.5.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.6.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.7.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.8.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 3.9.

12. Defendant admits the Plaintiff's allegations in paragraph 3.10.

13. Defendant admits the allegations contained in Paragraph 4.1 regarding the construction of the stadium but states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning the state of mind or intent of the Dallas Cowboys.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.2.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 4.3. Defendant denies that Defendant Jerral "Jerry" Wayne Jones ("Defendant Jones") selected George Bayoud to serve as Defendant's President in the summer of 2006, but admits that George Bayoud served as Defendant's President. Otherwise, Defendant denies the allegations contained in the second sentence of Paragraph 4.3. Defendant denies that Defendant Jones and George Bayoud asked Roger Staubach to serve as Defendant's Chairman, but admits that Staubach served as Defendant's Chairman. Otherwise, Defendant denies the allegations contained in the third sentence of paragraph 4.3.

16. Defendant admits the allegations contained in Paragraph 4.4.

17. Defendant admits that it reviewed voluminous documents provided by Defendant National Football League ("Defendant NFL") relating to proposals to host a Super Bowl. Otherwise, Defendant denies the allegations contained in the first sentence of Paragraph 4.5. Defendant admits that it met with city council members for the City of Arlington, Texas and other North Texas cities and requested resolutions of support from those cities. Otherwise, Defendant denies the allegations contained in the second sentence of Paragraph 4.5.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 4.6. Defendant admits the allegations contained in the second sentence of Paragraph 4.6. Defendant admits that it met with officials for Arlington, Texas, Dallas, Texas, Fort Worth, Texas, Grand Prairie, Texas, Grapevine, Texas, Irving, Texas and other communities. Otherwise, Defendant denies the

allegations contained in the third sentence of Paragraph 4.6.

19.     Defendant admits the allegations contained in Paragraph 4.7.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.8.

21.     Defendant admits that the NFL requested that Defendant support the cities' efforts to provide clean zones around Cowboys Stadium, NFL headquarters' hotels and NFL Experience sites. Otherwise, Defendant denies the allegations contained in the first sentence of Paragraph 4.9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations related to the NFL's use of the preventative fund. Otherwise, Defendant admits the allegations contained in the second sentence of Paragraph 4.9. Defendant denies the allegations contained in the third sentence of Paragraph 4.9.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.10.

23.     Defendant admits that an executive summary was submitted to each of the 32 NFL teams in April 2007. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 4.11. Defendant admits the allegations contained in the second sentence of Paragraph 4.11.

24.     Defendant admits that on or about May 22, 2007, it attended the Spring NFL Owners Meeting in Nashville, Tennessee. Defendant admits that Defendant Jones and Staubach separately addressed the NFL team owners regarding the bid. Otherwise, Defendant denies the allegations contained in the first sentence of Paragraph 4.12. Defendant admits the allegations contained in the second sentence of Paragraph 4.12.

25.     Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 4.13.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.14.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.15.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.16.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.17.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.18.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.19.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.20.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.21.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.22.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.23.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.24.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.25.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.26.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.27.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.28.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.29.

42. Defendant denies that Plaintiff suffered any compensable injury to his reputation. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.30.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.31.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.32.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.33.

46. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 5.1.

47. Defendant denies the allegations contained in Paragraph 5.2.

48. Defendant denies the allegations contained in Paragraph 5.3.

49. Defendant denies the allegations contained in Paragraph 5.4.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.5.

51. Defendant denies the allegations contained in Paragraph 5.6.

52. Defendant denies the allegations contained in Paragraph 5.7.

53. Defendant denies the allegations contained in Paragraph 5.8.

54. Defendant denies the allegations contained in Paragraph 5.9.

55. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 6.1.

56. Defendant denies the allegations contained in Paragraph 6.2.

57. Defendant denies the allegations contained in Paragraph 6.3.

58. Defendant denies the allegations contained in Paragraph 6.4.

59. Defendant denies the allegations contained in Paragraph 6.5.

60. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 7.1.

61. Defendant denies the allegations contained in Paragraph 7.2.

62. Defendant denies the allegations contained in Paragraph 7.3.

63. Defendant denies the allegations contained in Paragraph 7.4.

64. Defendant denies the allegations contained in Paragraph 7.5.

65. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 8.1.

66. Defendant denies the allegations contained in Paragraph 8.2.

67. Defendant incorporates its answers to the foregoing paragraphs in response to

Paragraph 9.1.

68. Defendant denies the allegations contained in Paragraph 9.2.

69. Defendant denies the allegations contained in Paragraph 9.3.

70. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 10.1.

71. Defendant denies the allegations contained in Paragraph 10.2.

72. Defendant denies the allegations contained in Paragraph 10.3.

73. Defendant denies the allegations contained in Paragraph 10.4.

74. Defendant denies the allegations contained in Paragraph 10.5.

75. Defendant denies the allegations contained in Paragraph 10.6.

76. Defendant denies the allegations contained in Paragraph 10.7.

77. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 11.1.

78. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11.2.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11.3.

80. Defendant denies the allegations contained in Paragraph 11.4.

81. Defendant denies the allegations contained in Paragraph 11.5.

82. Defendant denies the allegations contained in Paragraph 11.6.

83. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 12.1.

84. Defendant denies the allegations contained in Paragraph 12.2.

85. Defendant denies the allegations contained in Paragraph 12.3.

86. Defendant denies the allegations contained in Paragraph 12.4.

87. Defendant denies the allegations contained in Paragraph 12.5.

88. Defendant incorporates its answers to the foregoing paragraphs in response to Paragraph 13.1.

89. Defendant denies the allegations contained in Paragraph 13.1.

90. Defendant denies the allegations contained in Paragraph 13.2.

91. Defendant denies the allegations contained in Paragraph 13.3.

92. Defendant denies the allegations contained in Paragraph 14.1.

93. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 15.

### III.   AFFIRMATIVE DEFENSES

94. Plaintiff's claims are barred as against the Defendant due to a privilege, immunity or legal justification.

95. Plaintiff's claims are barred in whole or in part by his contributory negligence and/or another superseding and intervening cause. Defendant would assert the right to a proportionate responsibility determination as between all allegedly culpable parties.

96. Plaintiff's claims are barred in whole or in part by the cap on exemplary damages found in Texas Civil Practice and Remedies Code section 41.008.

97. Plaintiff's claims are barred in whole or in part due to his failure to mitigate his damages.

### IV.   PRAYER FOR RELIEF

Defendant prays that after final trial or lawful disposition, Plaintiff take nothing against Defendant and that Defendant recover its costs incurred in the defense thereof, as well as all such

other and further relief, at law or in equity, that Defendant may show itself justly entitled to receive.

                                      Respectfully submitted,


 /s/ Mitchell Murphy
W. Mike Baggett
State Bar No. 01511300

Winstead PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
(214) 745-5400 (Telephone)
(214) 745-5390 (Fax)

David F. Johnson
Texas State Bar No. 24002357
Mitchell Murphy
Texas State Bar No. 24037157

**Winstead PC**
1100 Carter Burgess Plaza
777 Main Street
Fort Worth, Texas 76102
phone: 817.420.8200
fax: 817.420.8201

**ATTORNEYS FOR NORTH TEXAS SUPER BOWL XLV HOST COMMITTEE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record.

/s/ Mitchell Murphy